**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DEMETRIS PARDUE, #07014097,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:07-CV-0469-R** |
| | ) | **ECF** |
| **DALLAS COUNTY SHERIFF,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in

implementation thereof, this case has been referred to the United States Magistrate Judge. The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* habeas corpus action brought by a pre-trial detainee.[1]

Parties: Petitioner is presently incarcerated at the Dallas County Jail. Respondent is the

Dallas County Sheriff. The Court did not issue process in this case pending preliminary

screening. On March 29, May 29, and July 30, 2007, the Magistrate Judge issued questionnaires

to Petitioner, who filed his answers thereto on April 6, July 19, and August 8, 2007.

Statement of Case: Petitioner is currently confined in the custody of the Dallas County

Sheriff pursuant to an indictment returned in Cause No. F07-49089 on April 13, 2007, charging

him with aggravated assault on a public servant. (*See* Attachment). He is presently represented

by Howard Rick, court appointed counsel. (*Id.*). The issue of his competency to stand trial is

---

[1]      The original and amended petitions filed in this case were filed on the form for
seeking habeas corpus relief by a person in state custody pursuant to 28 U.S.C. § 2254. (*See*
Petitions filed on March 15 and 16, 2007, and ).  As more fully set out below, the Court will
construe the petitions as seeking relief pursuant to 28 U.S.C. § 2241(c).

pending before the trial court.  (*Id.*).

In the present action, Petitioner appears to challenge his present detention and the criminal charge presently pending against him.  Although the Court has tried its best to understand Petitioner's grounds, the petitions and answers to the questionnaires are for the most part incomprehensible.

<u>Findings and Conclusions</u>:  Even liberally construing this action with all possible deference due *pro se* litigants, the action is subject to summary dismissal at the screening stage.

Petitioner is a pre-trial detainee who seeks to challenge his present detention.  His petition must be construed as seeking relief pursuant to 28 U.S.C. § 2241(c), which applies to persons in custody awaiting trial who have not yet been convicted.  *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (citing *Ojo v. INS*, 106 F.3d 680, 681 (5th Cir. 1997), *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987), and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir. 1982)); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).[2]

In order to be eligible for pre-trial habeas relief pursuant to § 2241(c), a petitioner must have been "in custody" at the time of filing the action, and must have exhausted his available state court remedies.  *Braden*, 410 U.S. at 488-89; *Dickerson*, 816 F.2d at 224.[3]

_____

[2]    Section 2241(c) provides in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (3) [h]e is in custody in violation of the constitution or laws or treaties of the United States."

[3]    It is only in the post-trial setting that exhaustion is mandated by statute.  *Compare* 28 U.S.C. § 2254(b) with 28 U.S.C. § 2241(c)(3).  Despite the absence of an exhaustion requirement in § 2241(c)(3), a body of case law has developed holding that federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.  *See Dickerson*, 816 F.2d at 225.  *See also Braden*, 410 U.S. at 489-92; *Brown v.*

2

While Petitioner satisfies the "in custody" requirement, his answers to the questionnaire confirm that he did not exhaust his available state remedies before filing this action. (Pet's Answer to Question 8 of the Magistrate Judge's Second Supplemental Questionnaire). Notwithstanding the failure to exhaust, the Court can deny this habeas corpus petition on the merits, as it can with unexhausted § 2254 petitions in accordance with 28 U.S.C. § 2254(b)(2). *Nichols v. Joslin*, 3:04cv0059-N, 2005 WL 1017833, at *4 (N.D. Tex., Mar. 25, 2005), *accepted* 2005 WL 1017844 (N.D. Tex. Apr 28, 2005) (denying habeas petitions on the merits despite a lack of exhaustion is consistent with § 2241 or the habeas corpus precedent embodied in 28 U.S.C. § 2254(b)(2); *Edwards v. Bowles*, No. 3:03-CV-2624-M, 2004 WL 308036, at *7 (N.D. Tex. Feb.18, 2004), *accepted by* 2004 WL 741290 (N.D. Tex. Mar.16, 2004) (quoting *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (recognizing that it was proper to "follow the policy of § 2254(b)(2)" when dealing with a habeas petition under 28 U.S.C. § 2241).

Even when liberally construed in accordance with his *pro se* status, Petitioner's pleadings fail to raise a federal constitutional violation. *See* 28 U.S.C. § 2241(c)(3) (providing that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the constitution or laws or treaties of the United States."). Contrary to Petitioner's assertion an indictment was returned in F07-49089. Therefore, insofar as Petitioner claims the criminal charges pending against him are not based on probable cause, his claim lacks any merit. As a matter of law, indictments returned by a grand jury constitute findings of probable cause. *In re*

---

*Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). This exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490-91.

*Grand Jury Subpoena Dated December 17, 1996*, 148 F.3d 487, 493 (5th Cir. 1998) ("In returning . . . an indictment a grand jury indicates that it has found probable cause to believe that a criminal offense has occurred."); *see also Gerstein v. Pugh*, 420 U.S. 103, 117 n. 19 (1975) (indictment "conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry"). Therefore, Petitioner has failed to make a colorable showing that his confinement in the Dallas County Jail is in violation of the United States Constitution.

Petitioner's remaining grounds relate to the alleged conduct of witnesses. These issues may be presented to the state court in which his criminal charge is presently pending. Any consideration by this Court at this time would be premature and is not cognizable in a pre-trial petition for federal habeas corpus relief by a state prisoner.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DENIED.

A copy of this recommendation will be MAILED to Petitioner.

Signed this 13th day of August, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this

recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT**

**This is your document, please print for your records.**

To view additional information use the page up or page down key where applicable.



DA  CASE  ID  F-0749089          JUDCL  CASE  ID  F-0749089

A010 DEF NAME PARDUE          C010 DEF NAME PARDUE

TITLE                          SETS  AND  PASSES

B060

SET FOR DATE 052207   SET FOR TIME 0900   SET TYPE OTHE   PASSED  TO  DATE  _____

SET DISPOSITION CODE  __    PASSED GENERALLY  _    COMMENTS (COMP_EVAL)_____

STATES  RECOMMENDATION  _____          REC  NO  01          _

TITLE                          NAMES

B070

ASSOCIATED NAME HOWARD_RICK_2145374250_____     NAME  REF  CODE CD0702220

CT APPOINTED Y   BAR NO 00790922 BOND MAKER _   DT BOND MADE _____          _

B070

ASSOCIATED NAME MILLICAN_DOUGL_____     NAME  REF  CODE LP0703020

CT APPOINTED _   BAR NO _____ BOND MAKER _   DT BOND MADE _____          _

TITLE                          CHARGE

C010

DEF NAME PARDUE_DEMETRIS_____   OFFENSE CD VA000200 STATE CD 1315001101

DESC AA/PUB_SERV_DW_____ COMT DW_2ND_____ TYP/CL F 1 GOC _

GJ COURT FT CURRENT COURT FL PREVIOUS COURTS _____ CHOV DT _____

This is your document, please print for your records.

To view additional information use the page up or page down key where applicable.



DA  CASE  ID  F-0749089          JUDCL  CASE  ID  F-0749089

A010 DEF NAME PARDUE              C010 DEF NAME PARDUE

TITLE                            BONDS

B050

DATE  BOND  SET  022107   AMT  __50000.00   TYPE  __    SET  BY  COURT  0B   JUDGE  LANDWEHR_

REC  NO  01                _

TITLE                            SETS  AND  PASSES

B060

SET  FOR  DATE  032607    SET  FOR  TIME  0831    SET  TYPE  EXAM    PASSED  TO  DATE  _____

SET  DISPOSITION  CODE  __    PASSED  GENERALLY  _    COMMENTS  SET_AUX5_07014097_____

STATES  RECOMMENDATION  _____                    REC  NO  01                _

B060

SET  FOR  DATE  050107    SET  FOR  TIME  0900    SET  TYPE  OTHE    PASSED  TO  DATE  _____

SET  DISPOSITION  CODE  __    PASSED  GENERALLY  _    COMMENTS  COMPL_EVAL_____

STATES  RECOMMENDATION  _____                    REC  NO  01                _

B060

SET  FOR  DATE  051507    SET  FOR  TIME  0900    SET  TYPE  OTHE    PASSED  TO  DATE  _____

SET DISPOSITION CODE __    PASSED GENERALLY _    COMMENTS COMP_EVAL_____

STATES RECOMMENDATION _____        REC NO 01         _

**This is your document, please print for your records.**

To view additional information use the page up or page down key where applicable.



DA CASE ID F-0749089          JUDCL CASE ID F-0749089

A010 DEF NAME PARDUE          C010 DEF NAME PARDUE

J U D I C I A L    I N F O R M A T I O N

A010-020-030-040                                          FILE DATE 030107

DEF NAME PARDUE_DEMETRIS_____ RACE B SEX M DOB 02141977   AGE   30

DEF ADR1 3112_POINT_EAST_____ AC ___ PH _____ SS ***********************

DEF CITY MESQUITE_____ ST TX  ZIP 75150  DLNUM *************  DLST __

OFF AA/PUB_SERV_DW_____ DT 022107 TYP/CL F 1 GOC/CAT _ _ CODE VA000200

COMT DW_2ND_____ SID NUM 05842495 OF AMT _____

COMPLAINANT _____ TAPE # _____ ARREST DATE 022107

JUV STAT N  REPEAT OFFENDER N  CAREER OFFENDER N  ORIG-LOC DSO____  CURR-LOC M

FILING AGENCY TXDPD0000  SER/CAS NO _____121486T  ARREST NUM _____07009738

LAI NUM _____786476   AIS/DSO NO _____786476_   BOOKIN NUM _____07014097

JP FILE DATE 000000  JP CASE ID _____  JP COURT ID __  FED _  EVH _  AFF _

MAGISTRATE DATE 022207   MAGIS COURT 0B   MAGIS JUDGE LANDWEHR_   BOUND OVER _

EXAM TRIAL DATE 000000   EXAM  COURT __   EXAM  JUDGE _____   IND METH IND

GJ/H/R DT 041107 H GJ# __549_A2 GJ/W/FILE 041307 GJ DS T DA DSP A ACC Y REAS _

DA DISPOS   DATE 030107                MISDEMEANOR  REDUCTION  N      SENTENCE  PROBATED  _

JUDCL  CASE  ID  F-0749089      GJ CT  FT   PROS  STAT  C  700      PROS  NAME  MILLICAN_DOUGLA

COURT  ASSIGNED  TO  FL       DATE  ASSIGNED  022107         ASSIGNED  BY  O       REASON  B

PRECEEDING  DA  CASE  ID  _____                    SUCCEEDING  DA  CASE  ID  _____

TRN  9108075824      TRS  A001          WARRANT  STATUS  _  STATE  OFF  CD  1315001101
Thu Aug 09 09:38:47 CDT 2007

<span style="color:red">This is your document, please print for your records.</span>

To view additional information use the page up or page down key where applicable.



DA CASE ID F-0749089          JUDCL CASE ID F-0749089

A010 DEF NAME PARDUE          C010 DEF NAME PARDUE

TITLE                  COMPETENCY DATA

C015

HEARING DATE 052307     PURPOSE M     RESULT UI_     FINDING BY MG

COMMENT INCOMPETENT__657/112_____          REC NO 01          _

TITLE                  GENERAL COMMENTS

C080 061207_INCOMP_TRANS_DEL_TO_FUG-MMF_____

_____ DATE 061207 01          _